**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

United States of America,

    Plaintiff,

    v.                                   Case No. 2:25-cr-20017-BCL

Seyed Fateh Chapari Rasi,

    Defendant.

**ORDER ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION AND
GRANTING IN PART AND DENYING IN PART MOTION TO SUPPRESS**

During July 2025, Defendant Seyed F. Chapari Rasi filed a motion to suppress statements made to the United States Secret Service and all evidence derived from that statement, including evidence obtained during a search of his cell phone. Doc. 56. He also sought to suppress evidence taken from his car immediately following his initial arrest. *Id.* at 4. The judge then assigned to the case, Judge John Fowlkes, referred the Motion to Magistrate Judge Annie Christoff for Report and Recommendation. Doc. 57. The case was reassigned to Judge Mark Norris during November 2025. Doc. 78.

Magistrate Judge Christoff issued her Report and Recommendation on January 23, 2026, in which she recommended: (1) denial of the motion to suppress evidence derived from the arrest and seizure of Defendant and the search of his car; (2) suppression of Defendant's custodial statements, other than those made unsolicited or to his mother; (3) denial of the motion to suppress evidence obtained from Defendant's cell phone. *See* Doc. 85. In February 2026, both the United

States and Defendant objected to the Report and Recommendation. Docs. 90, 91. Judge Norris

transferred the case to the undersigned on March 25, 2026. March 25, 2026, Docket Entry.

For the reasons set forth below, the objections by the Defendant (Doc. 91) are

**OVERRULED**. The objections by the United States (Doc. 90) are **SUSTAINED**. The Court

**ADOPTS IN PART AND REJECTS IN PART** the Findings of Fact and Conclusions of Law

from the Report and Recommendation (Doc. 85). Accordingly, Defendant's Motion to Suppress

(Doc. 56) is **GRANTED IN PART AND DENIED IN PART**. Specifically, the Motion to

Suppress is **DENIED** with respect to:

- Evidence resulting from the original search, seizure, and arrest;

- Defendant's statements to his mother, his "unsolicited" statements identified by the Magistrate Judge, and Defendant's statements at timestamp 36:50 to 37:32 on Exhibit 1.1; and

- Evidence obtained through a search of Defendant's phone.

### LEGAL STANDARD

A United States District Court Judge may designate a United States Magistrate Judge to

conduct evidentiary hearings and submit proposed findings of fact and conclusions of law for

disposition by the District Judge of certain motions, including motions to suppress evidence in

criminal cases. 28 U.S.C. § 636(b)(1). The District Judge "shall make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which objection

is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge." *Id.* Failure to file specific written objections to a magistrate judge's

findings or conclusions results in waiver of those objections. Fed. R. Crim. P. 59(b)(2). "[A]

general objection to a magistrate [judge]'s report, which fails to specify the issues of contention,

does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th

Cir. 1995).

**FINDINGS OF FACT**

Neither party objected to the Report's proposed findings of fact. The Court therefore **ADOPTS** and incorporates those proposed findings of fact including the sealed portion.

**ANALYSIS**

One party or the other objects to each of the three parts of the legal analysis in the Magistrate Judge's Report and Recommendation: (1) the recommendation that no evidence should be suppressed from the original arrest and seizure of Defendant and the related search of his automobile; (2) that the various custodial statements made by Defendant should be suppressed, with the exception of Defendant's statements to his mother and his unsolicited statements at the end of the interrogation; and (3) that the motion to suppress evidence obtained from Defendant's cell phone should be denied.[1] For the reasons provided below, these objections are **OVERRULED** in part and **SUSTAINED** in part.

## I.    The Court ADOPTS the Magistrate Judge's Recommendation that the Motion to Suppress evidence resulting from the original arrest, seizure, and search be denied.

The Magistrate Judge recommends denial of Defendant's motion to suppress evidence obtained as a result of his initial arrest and the corresponding search of his car on the ground that the seizure and search violated the Fourth Amendment. Doc. 85 at 12–14. In a one-paragraph, citation-free objection, Defendant argues that there was no basis for stopping and detaining Defendant, and searching his car, because his actions were not in and of themselves illegal and did "not necessarily match the previous transactions described in" the underlying criminal complaint. Doc. 91 at 1–2.

---

[1] The Court will address the Objection to this sealed portion of the Report and Recommendation in a sealed attachment to this Order.

This argument fails and the objection is **OVERRULED**. The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. "A warrantless arrest is reasonable if the officer has probable cause to believe that the suspect committed a crime in the officer's presence." *Frenchko v. Monroe*, 160 F.4th 784, 796 (6th Cir. 2025) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 56 (2018)). Probable cause "exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Id.* (quoting *United States v. Moore*, 999 F.3d 993, 996 (6th Cir. 2021); *Henry v. United States*, 361 U.S. 98, 102 (1959)). "Under the automobile exception to the Fourth Amendment's warrant requirement, officers may conduct a warrantless search of a vehicle if they have probable cause to believe that the vehicle contains evidence of a crime." *United States v. Watson*, 142 F.4th 872, 881 (6th Cir. 2025) (citing *California v. Acevedo*, 500 U.S. 565, 580 (1991); *United States v. Peake-Wright*, 126 F.4th 432, 438 (6th Cir. 2025)).

The Magistrate Judge correctly recounted and applied this governing law. The officers who carried out the arrest and search knew that the victim had been ensnared in a scam under which individuals would drive to her house to retrieve large amounts of money from her under false pretenses, that they used a password system to convince the victim to turn over the money, that Defendant had just arrived and retrieved $150,000 from the victim, and that he knew the password to use when doing so. That easily satisfies the probable cause standard: A reasonably prudent person knowing these facts would believe that Defendant had just carried out part of the fraudulent scheme—and that the automobile in which he was driving would contain evidence of that crime, including the just-retrieved cash. Defendant neither says nor cites anything warranting rejection of that commonsense conclusion. Accordingly, Defendant's Motion to Suppress is **DENIED** as to his initial arrest and the seizure and search of the car.

**II.    The Court SUSTAINS the United States' objections to the Magistrate Judge's Recommendation that certain custodial statements be suppressed.**

The Magistrate Judge recommends granting Defendant's motion to suppress his custodial statements on the ground that Defendant invoked his right to counsel and did not later reinitiate questioning or validly waive that right.[2] Doc. 85 at 14–26. The United States does not object to the Magistrate Judge's recommendation, save for a 42 second sliver of time from timestamp 36:50 to 37:32 on the recording marked as Exhibit 1.1. Doc. 90 at 1.[3] That period of the recording occurs soon after Defendant finished a phone call with his mother[4], and immediately after the following exchange:

> AGENT:    Did she give you any recommendations on what to do?
>
> DEF'T:    Honestly man, I didn't do like, anything bad. I swear to God you can check all my background. I, I wouldn't. . . in court, you will see me, you know? And that's, that's, that's, I know. What's going on behind the scenes? I don't know. He just told me, take this, take it there.

Then at the beginning of the timestamped period at issue, the following exchange occurs as the Agent and Defendant talk over and interrupt each other:

> DEF'T:    And, I, so, yeah. Yeah. I. No, no, I don't know.
>
> AGENT:    Yeah, well, but, I don't want to talk about it, unless, unless you want to, unless you want to talk to me about it, you know what I mean?

Then the Defendant continues alone:

> DEF'T:    Like, I, I never experienced this and, I, never want to be bad record with U.S. or Canada in my whole life, fourteen years, in Canada. I never wanted to go bad ways, you know? I thought this will be okay,

---

[2] The Magistrate Judge recommends denial of the motion to suppress with respect to Defendant's phone conversation with his mother and certain "unsolicited" statements. Doc. 85 at 21–22. Defendant has filed no objection to this part of the Magistrate Judge's Recommendation, and therefore has forfeited any challenge to the denial of his Motion to Suppress with respect to these statements. *See* Fed. R. Crim. P. 59(b)(2); *Miller*, 50 F.3d at 380.

[3] The United States filed a sealed response in opposition to Defendant's motion to suppress. Doc. 65. Because the United States did not make a similar objection the Magistrate Judge's Report, those arguments now forfeited. *See* Fed. R. Crim. P. 59(b)(2); *Miller*, 50 F.3d at 380.

[4] The phone call is in a foreign language, seemingly Farsi, which is currently relevant only by way of explanation for why the Court has not summarized its content to provide context.

> you know? I wanted to go to California, I thought it's going to be vacation for me, you know, it's going to be nice drive. I, I never hurt anyone, I always stay healthy, I have a good mindset. I just wanted to help my mother have easy life. Because, she's been, all her life, she's been supporting us.

The United States accepts that Defendant earlier invoked his right to counsel but argues that, in this exchange, Defendant re-initiated conversation and "clearly showed a willingness and desire to talk about the case by overcoming the interruption and warning of the agent." Doc. 90 at 2.

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Under *Miranda v. Arizona*, 384 U.S. (1966), "a suspect subject to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning, and . . . the police must explain this right to him before questioning begins." *Davis v. United States*, 512 U.S. 452, 457 (1994). "[I]f a suspect requests counsel at any time during the interview, he is not subject to further questioning until a lawyer has been made available or the suspect himself"—not the officers—"reinitiates conversation." *Id.* (citing *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981)). The police, then, may not "initiate" an "interrogation" unless one of those conditions is satisfied. *Bachynski v. Stewart*, 813 F.3d 241, 246 (6th Cir. 2015). "An interrogation occurs when the police 'should have known' that their conduct was 'reasonably likely to elicit an incriminating response.'" *Id.* (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301–02 (1980).

This means that, once invoked, "the right to have a lawyer present can be waived," but only if "(1) the suspect, as opposed to the officers, initiates the interrogation with the police and (2) the suspect waives [his] right to counsel." *Bachynski*, 813 F.3d at 246 (first quoting *Wyrick v. Fields,* 459 U.S. 42, 46 (1982), then citing *Smith v. Illinois*, 469 U.S. 91, 94–95 (1984)); *see also United States v. Hitchings*, No. 23-3265, 2024 WL 1465081, at *7 (6th Cir. Apr. 4, 2024) ("[I]f the accused invoked his right to counsel, courts may admit his responses to further questioning only

6

on finding that he (a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked." (quoting *Smith*, 469 U.S. at 95)).

*First*, Defendant "initiated" the further discussion with police. An "initiation occurs when, without influence by the authorities, the suspect shows a willingness and desire to talk generally about his case." *United States v. Whaley*, 13 F.3d 963, 967 (6th Cir. 1994). Here Defendant had discussed his options with the officers—speak with the officers now, or request an attorney—and then asked to speak with his mother to let her know what happened. The officers allowed the call and then, after it ended, one asked him whether his mother had "any recommendations about what to do" (Ex. 1-1 at 36:34)—a question about the "routine incidents of the custodial relationship" (specifically, where it would proceed next), *Oregon v. Bradshaw*, 462 U.S. 1039, 1045 (1983) (plurality opinion), that poses no problem under the *Miranda* regime because it is "not likely to be perceived as calling for any incriminating response," *Pennsylvania v. Muniz*, 496 U.S. 582, 603 (1990). Petitioner then made a non-responsive statement concerning the case—that he did not do anything bad and did not know what was going on behind the scenes—before being interrupted by the officers, which shows "a willingness and desire to talk generally about his case." *Whaley*, 13 F.3d at 967.

*Second*, there is—or at least might eventually be—the question of whether Defendant "knowingly and intelligently raised the right [to counsel] he had invoked." *Bachynski*, 813 F.3d at 246; *see Bradshaw*, 462 U.S. at 1046 (plurality opinion) ("Since there was no violation of the *Edwards* rule in this case, the next inquiry was whether a valid waiver of the right to counsel and the right to silence had occurred, that is, whether the purported waiver was knowing and intelligent and found to be so under the totality of the circumstances, including the necessary fact that the

accused, not the police, reopened the dialogue with the authorities." (quotation marks and citation omitted)).[5]

But, with respect to the narrow statements at issue here, the Court need not reach the issue of waiver because there was no interrogation. *Miranda* and its progeny govern and limit custodial *interrogations* by law enforcement; they do not purport to curtail the ability of a suspect to make statements that are not elicited through interrogation, nor (naturally) the ability of law enforcement to hear those statements, nor the use of those statements in a subsequent prosecution. *See, e.g.*, *Van Hook v. Anderson*, 488 F.3d 411, 424 n.10 (6th Cir. 2007) ("In the rare event when a suspect does offer the police an unpromoted, monologue confession, there is no *Edwards* problem because absent interrogation, there would have been no infringement of the right that the suspect invoked and there would be no occasion to determine whether there had been a valid waiver." (quotation marks and citation omitted)); *Id.* at 424 ("Before the police can actually begin to *interrogate* a suspect after he has initiated, they must ensure that the suspect is knowingly and intelligently waiving the right to counsel under the totality of the circumstances." (emphasis added)).

So the question becomes: Did the agent interrogate Defendant within the meaning of the *Miranda* framework when he interrupted Defendant's monologue to say: "I don't want to talk about it, unless, unless you want to, unless you want to talk to me about it, you know what I mean?" Ex. 1.1 at 36:50. Again, "[a]n interrogation occurs when the police 'should have known' that their conduct was 'reasonably likely to elicit an incriminating response.'" *Bachynski*, 813 F.3d at 246. The agent's statement here does not fit that bill: In interrupting Defendant's voluntary discussion

---

[5] On the circumstances of this case, that would be a close call: Defendant plainly knew of and understood his right to counsel because he had at that point been informed of it and had been going back and forth about it for some time, but (1) post-invocation waivers are presumed invalid, *Bachynski*, 813 F.3d at 249; and (2) the officer's general statement that he didn't "want to talk about it" unless Defendant "want[s] to talk to me about it" did nothing to underscore the right to Defendant. The Court need not reach the issue for the reason stated above the line.

of the case to caution him, the statement was reasonably likely to stop an ongoing monologue, not elicit an incriminating response. And caselaw confirms the point in holding that even threatening or cajoling statements not to amount to interrogation: "We've got good information on you"; "Things would be easier for you if you talked"; that an officer "knew that the suspect possible had a weapon"; the suspect "could possibly face the death penalty." *See id* at 248–49 (collecting cases involving these statements and citing *McKinney v. Ludwick*, 649 F.3d 484, 489–90 (6th Cir. 2011), which "collect[s] more similar cases"). Because the statements at issue here were not prompted by interrogation, there is no basis for suppressing them.

The United States' objection to the Report and Recommendation therefore is **SUSTAINED.** Defendant's Motion to Suppress his statements is **GRANTED IN PART AND DENIED IN PART**, with the denial concerning Defendant's statements to his mother, his "unsolicited" statements identified by the Magistrate Judge, and Defendant's statements at timestamp 36:50 to 37:32 on Exhibit 1.1.

> **III.    The Court ADOPTS the Magistrate Judge's Recommendation that the Motion to Suppress evidence obtained through a search of Defendant's phone be denied.**

[*Redacted. The unredacted portion of this Order is available as a sealed attachment to this docket entry.*]

### CONCLUSION

The objections by the Defendant (Doc. 91) are **OVERRULED.** The objections by the United States (Doc. 90) are **SUSTAINED.** The Court **ADOPTS IN PART AND REJECTS IN PART** the Findings of Fact and Conclusions of Law from the Report and Recommendation (Doc. 85). Accordingly, Defendant's Motion to Suppress (Doc. 56) is **GRANTED IN PART AND DENIED IN PART**. Specifically, the Motion to Suppress is **DENIED** with respect to:

- Evidence resulting from the original search, seizure, and arrest;

- Defendant's statements to his mother, his "unsolicited" statements identified by the Magistrate Judge, and Defendant's statements at timestamp 36:50 to 37:32 on Exhibit 1.1; and

- Evidence obtained through a search of Defendant's phone.

**IT IS SO ORDERED**, this 8th day of May, 2026.


s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE